IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Nicholas Schwab, Individually, as son and Independent Administrator (petitioned for) of the Estate of Alivia Schwab, deceased,** | )<br>)<br>)<br>) |
| | ) No. |
| **Plaintiff,** | )<br>) |
| vs. | )<br>) |
| **MORRIS POLICE OFFICER NICHOLAS PAMPINELLA; MORRIS POLICE OFFICER CASIE PRICE; individually, and as employees/ agents of the City of Morris; and THE CITY OF MORRIS, a Municipal Corporation,** | )<br>)<br>)<br>) **JURY DEMANDED**<br>)<br>) |
| **Defendants.** | ) |

**COMPLAINT AT LAW**

Now comes NICHOLAS SCHWAB, Individually, as son and Independent Administrator (petitioned for) of the Estate of ALIVIA SCHWAB, deceased, by and through his attorneys, the LAW OFFICES OF JEFFREY J. NESLUND, and for his Complaint at Law, states as follows:

**INTRODUCTION**

1. This is an action for civil damages brought pursuant the Fourth and Fourteenth Amendments to the United States Constitution and under Illinois state law. Federal claims herein are brought pursuant to 42 U.S.C. § 1983 for the deprivation of Alivia Schwab's Constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. ALIVIA SCHWAB, deceased, was an individual who at all times relevant hereto, was living in the Northern District of Illinois.

1

4. NICHOLAS SCHWAB is Alivia Schwab's eldest son and has petitioned to be Independent Administrator of Alivia Schwab's Estate.

5. Defendants, MORRIS POLICE OFFICERS NICHOLAS PAMPINELLA and CASIE PRICE, were at all times material hereto, duly appointed Morris Police Officers employed by the City of Morris acting in the capacity of sworn law enforcement officials acting under color of law.

6. Defendant, the CITY OF MORRIS (hereinafter the "CITY"), was and is an Illinois municipal corporation, duly chartered and organized under the laws of the state of Illinois, located entirely within this Judicial District.

## FACTUAL SUMMARY

7. On September 29, 2023, Alivia Schwab resided in an apartment complex located at 1863 Ann Lane in Morris, Illinois.

8. Alivia Schwab had a history of mental illness. In September of 2023, Alivia Schwab was under the care of mental health professionals and was in the process of transitioning from a residential facility into her own apartment.

9. On September 29, 2023 the Morris Police Department received a 911 call from counselors who worked with Alivia Schwab and were informed that she was suicidal and threatening to harm herself with a knife.

10. DEFENDANT OFFICERS PAMPINELLA and PRICE were dispatched to Alivia Schwab's residence and knew she was suicidal and threatening to harm herself with a knife.

11. As the DEFENDANT OFFICERS approached the parking lot in front of Alivia Schwab's apartment, DEFENDANT OFFICER PAMPINELLA told DEFENDANT OFFICER PRICE to "go non-lethal," referring to the use of non-lethal force.

12. As the DEFENDANT OFFICERS entered the parking lot of the complex, Alivia Schwab was in the doorway of her first floor apartment, still on her cell phone speaking with one of her counselors with her cell phone in her right hand up to her right ear and she held a knife pointed to the ground in her left hand.

13. As Alivia Schwab exited her apartment into the parking lot of the complex, she continued to hold her cell phone up to her right ear and held the knife pointed downward in her left hand in a non-threatening manner.

14. DEFENDANT OFFICER PRICE took a position on the sidewalk of the apartment complex and DEFENDANT OFFICER PAMPINELLA remained in the parking lot.

15. As Alivia Schwab slowly walked out of her apartment, DEFENDANT OFFICER PAMPINELLA yelled to DEFENDANT OFFICER PRICE to tase Alivia Schwab with her Department issued taser.

16. DEFENDANT OFFICER PRICE did not discharge or even unholster her taser as Alivia Schwab walked past her.

17. Two seconds later, DEFENDANT OFFICER PAMPINELLA shot Alivia Schwab three times, including a lethal shot to her face.

18. When DEFENDANT PAMPINELLA shot and killed Alivia Schwab, she still had her cell phone up to her right ear and held a knife in the downward position, never raising it or threatening either DEFENDANT OFFICER in any way.

19. After DEFENDANT OFFICER PAMPINELLA fatally shot Alivia Schwab, the DEFENDANT OFFICERS handcuffed her in the parking lot of her apartment complex.

20. Alivia Schwab's counselor was still talking on the cell phone that fell from Alivia's hand after DEFENDANT PAMPELLA shot her in the face.

## COUNT I
### (Violations of 42 U.S.C. § 1983)

21. Plaintiff realleges and incorporates by reference, the allegations contained in paragraphs 1 through 20 above.

22. The acts of DEFENDANT OFFICERS PAMPINELLA were a deliberate and malicious deprivation of Alivia Schwab's Constitutional rights against excessive force, as guaranteed by the Fourth Amendment of the Constitution and made applicable to the states by the Fourteenth Amendment.

23. DEFENDANT OFFICER PRICE also had an opportunity to intervene to prevent the use of excessive force by DEFENDANT OFFICER PAMPINELLA and failed to do so.

24. As a result of the unreasonable and unjustifiable excessive force used by the DEFENDANT OFFICERS PAMPINELLA and failure to intervene by DEFENDANT OFFICER PRICE, Alivia Schwab suffered fatal injuries resulting in her death in violation of 42 U.S.C. § 1983.

## COUNT II
### (Illinois Wrongful Death Claim)

25. Plaintiff re-alleges and incorporates by reference, the allegations contained in paragraphs 1 through 20 above.

26. Alivia Schwab was pronounced dead on September 29, 2023.

4

27. The wrongful death of Alivia Schwab was proximately caused by the willful and wanton conduct of DEFENDANT OFFICERS in violation of 740 ILCS § 180.1.

28. The Plaintiff's decedent, Alivia Schwab, left surviving the following children as next-of-kin:

(a) Nicholas Schwab – D.O.B. 05/30/2005;

(b) N.S., a minor – D.O.B.:03/07/2007;

(c) S.S., a minor – D.O.B.:07/19/2010 ;

29. The wrongful conduct of DEFENDANT OFFICERS was the direct and proximate cause of Alivia Schwab's death and severe emotional injuries and damages to her Estate.

30. As next of kin, Alivia Schwab's children have lost and will continue to lose, pecuniary support, society, companionship as well as grief and sorrow from the loss of the love and affection of Alivia Schwab. The Estate has also incurred funeral and burial expenses pursuant to 750 ILCS 65/15 as a proximate result of her wrongful death.

31. The misconduct of DEFENDANT OFFICERS outlined above occurred in the course of their employment as a Morris Police Officers, such that the CITY OF MORRIS is liable for their actions.

## COUNT III
**(Illinois Survival Claim)**

32. Plaintiff re-alleges and incorporates by reference, the allegations contained in paragraphs 1 through 20 above.

33. As a direct and proximate result of the wrongful actions of DEFENDANT OFFICERS PAMPINELLA and PRICE, as set forth above, Alivia Schwab suffered serious injuries of a personal and pecuniary nature, including but not limited to, pain and suffering experienced as she was dying from the gunshot wounds inflicted by DEFENDANT OFFICER

PAMPINELLA, subjecting DEFENDANTS to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Illinois Survival Statute.

34. The misconduct of the DEFENDANT OFFICERS outlined above occurred in the course of their employment as Morris Police Officers, such that the CITY OF MORRIS is liable for their actions

## COUNT IV
### (State Law Claim: Indemnification)

35. Plaintiff re-alleges and incorporates by reference, allegations contained in paragraphs 1 through 20 above.

36. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

37. DEFENDANT OFFICERS PAMPINELLA and PRICE were employees of the CITY of MORRIS and acted within the scope of their employment in committing the misconduct outlined above.

## REQUEST FOR RELIEF

38. Plaintiff, NICHOLAS SCHWAB, Individually, as son and Independent Administrator of the Estate of ALIVIA SCHWAB, deceased, respectfully requests that the Court:

    a. Enter judgment in Plaintiff's favor and against Defendants;

    b. Award compensatory damages against Defendants;

    c. Award attorneys' fees against Defendants;

    d. Award punitive damages against the individual Defendant Officers;

    e. Award prejudgment interest and post-judgment interest on any award; and

      f.      Grant such other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, NICHOLAS SCHWAB, Individually, as son and Independent Administrator of the Estate of ALIVIA SCHWAB, deceased, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

                                          Respectfully submitted,

                                          /s/ Jeffrey J. Neslund
                                          Jeffrey J. Neslund
                                          Attorney for Plaintiff

Jeffrey J. Neslund
Law Offices Of Jeffrey J. Neslund
20 N. Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 223-1100