# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
### Eastern Division

Nicholas Schwab, Individually, as son and Independent Administrator of the Estate of Alivia Schwab, deceased

        Plaintiff,

v.

Morris Police Officer Nicholas Pampinella, et al.

        Defendant.

Case No.: 1:23−cv−16607

Honorable Charles P. Kocoras

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, August 13, 2024:

    MINUTE entry before the Honorable Maria Valdez: Plaintiff's Motion to Compel [24] is granted. Plaintiff seeks an order compelling Defendant Officers Pampinella and Price to produce the Fitness for Duty Evaluations and Critical Incident Debriefing reports that were generated by psychiatrist Dr. Tom Campion after the fatal police shooting underlying this suit. A question arises as to whether the reports are privilege pursuant to the psychotherapist−patient privilege. In similar contexts, courts in this district have made clear that the psychotherapist−patient privilege "was not intended to protect an employee's compelled consultation with a psychologist for purposes of preparing an evaluation to be communicated to an employer as to the employee's fitness for duty." McEwan v. Villafuerte, 338 F.R.D. 239, 244 (N.D. Ill. 2021). Along those lines, courts have explained that the psychotherapist−patient privilege is "not activated" with respect to fitness for duty evaluations when an officer "did not have an expectation of confidentiality with respect to the evaluation." Id. at 247. Relatedly, courts have recognized that an expectation of confidentiality in this context is generally lacking because "[a]n officer undergoing a fitness evaluation would certainly think that the information he provides in relation thereto would be accessible at least to the decision makers in his department." Barmore v. City of Rockford, No. 09 C 50236, 2012 WL 1660651, at *4 (N.D. Ill. May 11, 2012). And, "[i]f it is known that the privileged information will be given to those other than the doctor and the patient, the privilege will not survive." Smith v. City of Plano, No. 01 C 7111, 2002 WL 1483902, at *1 (N.D. Ill. July 9, 2002). In this case, Plaintiff asserts the "evaluations by Dr. Campion were required by the department and the officers knew [the reports in question] would be shared with department decision makers.&quot; (Pl.'s Mot. at 3.) Defendants do not attempt to rebut that crucial contention. Under the circumstances, Defendant Officers Pampinella and Price did not have expectations of confidentiality with respect to their evaluations with Dr. Campion and the reports at issue are not protected from disclosure by the psychotherapist−patient privilege. See Smith, 2002 WL 1483902 at *2 ("Haggard argues that he did not waive the privilege because he believed the information would only be shown to the Chief of Police. However, it is the very fact that

he knew the information would be shown to the Chief that breaks the privilege."); Barmore, 2012 WL 1660651 at *3 ("The purpose of the fitness evaluations was to assist the police department in deciding whether these officers were in sufficient mental health to continue their official duties. It clearly was not for the purpose of treatment."); Brackin v. Anderson, No. 1:06−CV−727, 2007 WL 129044, at *2 (S.D. Ind. Jan. 12, 2007) ("In this case, the purpose of the examination was clearly to generate an evaluative report for Defendant's employer. As such, the privilege does not arise from this relationship."). Perhaps recognizing that the reports are not privileged, Defendants point to the video evidence that exists and maintain that "while [Plaintiff's] motion focuses on privilege, the real question is relevance especially given the videos." (Defs.' Resp. at 1.) Along those lines, Defendants raise the curious argument that the relevance of the reports "evaporates in light of video evidence such as that which exists here." (Id. at 4.) The Court rejects that contention. The reports in question are plainly relevant because they bear upon the circumstances of the shooting. The fact that video evidence exists does not alter the relevance of the reports, as evidence does not become irrelevant simply because there is other relevant evidence in a different form. Accordingly, having found relevance and a lack of privilege, the Court orders Defendants to produce the Fitness for Duty Evaluations and Critical Incident Debriefing reports within 7 days of this order. See McEwan, 338 F.R.D. at 247 ("The Court consequently orders that the City of Waukegan produce the fitness for duty evaluation report and any related mental health records in its possession, custody, or control."); Barmore, 2012 WL 1660651 at *4 ("The court grants the motion to compel disclosure of the fitness evaluations of both North and Poole to the extent set forth in this order."). Defendants may designate the reports as confidential under the Agreed Confidentiality Order [18]. However, in keeping with the Court's finding of non−privilege, Defendants generally may not redact the substantive contents of the reports. The parties are to file a joint status report on discovery by 9/5/24. Mailed notice(lp, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.